UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JONATHAN BRADLEY,                                                              Docket No.

               Plaintiff,

        -against-                                                                    COMPLAINT

THE CITY OF NEW YORK and Police Officer
Baury Reyes, Shield Number 15014 of the Midtown
North Precinct, Individually and in his Official
Capacity as a Police Officer in the New York City
Police Department,

               Defendants.
------------------------------------------------------------------X

        Plaintiff, JONATHAN BRADLEY, by his attorney Timothy P. Devane, Esq., complaining of the defendants, alleges, upon information and belief, as follows:

I

JURISDICTION AND VENUE

1.      This action is brought to remedy wrongful actions under the color of state law in violation of 42 U.S.C. §§1981, 1983 and 1985, and the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is based on 42 U.S.C. §1988, 28 U.S.C. §1331 and 1343(3)(4).  The amount of damages in controversy is in excess of Fifty Thousand ($50,000.00) Dollars, exclusive of interest in costs.

2.      Supplemental jurisdiction pursuant to 28 U.S.C. §1367 is sought to remedy violations of the New York State Constitution.

3.      Injunctive and declaratory relief, damages, attorneys fees and other appropriate

legal and equitable relief are sought pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1988, 28 U.S.C. §§2201 and 2202, Rule 57 of the Federal Rules of Civil Procedure, and the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

4. As the Defendants' headquarters are in and many of the unlawful practices complained of herein occurred within the Southern District, venue is proper in this District pursuant to 29 U.S.C. §1391(b).

II

ADMINISTRATIVE PROCEEDINGS

5. That the Plaintiff JONATHAN BRADLEY did on or about the 30th day of June, 2014 serve upon the defendant THE CITY OF NEW YORK a Notice of Claim which conformed to the requirements of Section 50(e) of the General Municipal Law.

6. That on September 22, 2014 Plaintiff JONATHAN BRADLEY appeared for a hearing pursuant to Section 50(h) of the General Municipal Law.

7. That the Plaintiff JONATHAN BRADLEY did on or about the 2nd day of October, 2014 serve upon the defendant THE CITY OF NEW YORK an additional Notice of Claim repeating many of the same claims but adding the claim of malicious prosecution, since the criminal case against him was still pending when the first Notice of Claim was filed and was not dismissed until July 7, 2014.

8. That more than thirty days have elapsed since the service of said Notice of Claims upon the defendant and the defendants have refused to compromise this action.

9. Plaintiff contends furthermore that the restrictions of the General Municipal Law are not applicable to this action, as this action is based on Plaintiff's federal civil rights claims.

III

PARTIES

10.     At all times hereinafter mentioned, the Plaintiff, JONATHAN BRADLEY was and still is a resident of the State of New York, County of New York.  Plaintiff JONATHAN BRADLEY is African-American.

11.     At all times hereinafter mentioned, the defendant THE CITY OF NEW YORK was, and still is, a municipal corporation.

12.     At all times hereinafter mentioned, the New York City Police Department was and still is an agency of the defendant THE CITY OF NEW YORK.

13.     That the cause of action alleged herein arose in the County of New York, State of New York.

14.     That this action falls within one or more of the exemptions set forth in CPLR §1602.

15.     That the defendant Police Officer Baury Reyes (Shield Number 15014) of the Midtown North Precinct was and still is an agent, servant, and employee of the defendant THE CITY OF NEW YORK.  Defendant Police Officer Baury Reyes is sued individually and in his official capacity.

16.     At all relevant times, defendant THE CITY OF NEW YORK authorized and empowered the defendant Police Officer Baury Reyes to attend to his duties as a Police Officer and thus constituted him a Police Officer with defendant THE CITY OF NEW YORK.

17.     That upon information and belief, at all times hereinafter mentioned, defendant Police Officer Baury Reyes was acting within the scope of his employment as a

constituted Police Officer of defendant THE CITY OF NEW YORK.  At all times relevant herein, the individual defendant herein was acting under color of state law in the course and scope of his duties and functions as agent, servant, employee and officer of defendant THE CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of his lawful functions in the course of his duties.  He was acting for and on behalf of the defendant THE CITY OF NEW YORK at all times relevant herein with the power and authority vested in him as officer, agent and employee of the defendant THE CITY OF NEW YORK and incidental to the lawful pursuit of his duties as officer, employee and agent of the defendant THE CITY OF NEW YORK.

18. Defendant THE CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  The defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the defendant THE CITY OF NEW YORK.

IV

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

19. On April 3, 2014 at approximately 4:00 P..M., Plaintiff was lawfully conducting himself at a Wholefoods store at 10 Columbus Circle, in the County of New York, State of New York when he was arrested by Police Officer Baury Reyes, Shield Number 15014 of the Midtown North Precinct for allegedly stating to Ashley Rodriguez

that if she called security he had a knife.  Plaintiff had just purchased a box cutter at a hardware store for his job where he worked at a screen printer company, and had a box cutter and a screwdriver in his bag.  He was on line at the aforesaid Wholefoods store when an ex-girlfriend named Ashley Rodriguez who works there at one of the registers began yelling at him and calling him a "bum ass nword".  Ashley Rodriguez had been obsessively texting Plaintiff both before the date of arrest and after the date of arrest in an effort to reconcile.  Plaintiff went to another register, paid for his items but distracted by her taunts he inadvertently left his bag there and left the store.  The Plaintiff never made any threats to Ashley Rodriguez or referenced any weapons.  The Plaintiff returned to retrieve his bag a few minutes later and when he went to customer service he was first approached by a security officer for the store, who then notified police officers who were already there arresting someone else, and Police Officer Baury Reyes then arrested Plaintiff based on the alleged threat.  Plaintiff denied ever making any threats and even suggested that the police review the store tape, but upon information and belief the police ignored him, although one police officer expressed agreement with Plaintiff that he would not have returned to Wholefoods to retrieve his bag if he had done something illegal.  Plaintiff was processed for arrest and was not arraigned until the following afternoon, April 4, 2014.  By the time Plaintiff was released from custody after his parents posted bail Plaintiff had been in custody for approximately 28 hours.  Plaintiff appeared for subsequent court appearances until the criminal case was dismissed on July 7, 2014.

20.     Plaintiff was charged in the criminal proceeding with two counts of PL 265.01(2), Criminal Possession of a Weapon in the Fourth Degree, one count of PL

120.15, Menacing in the Third Degree, and one count of PL 240.26(1), Harassment in the Second Degree, in a criminal complaint signed by Police Officer Baury Reyes, Shield Number 15014 of the Midtown North Precinct on April 4, 2014. Plaintiff was held in custody for approximately 28 hours as a result of this arrest.

21. After the date of Plaintiff's arraignment, Plaintiff appeared for subsequent court appearances in New York County Criminal Court. Eventually, on July 7, 2014 the charges were dismissed against Plaintiff on motion by the New York County District Attorney's office.

AS AND FOR A FIRST CAUSE OF<br>ACTION AGAINST DEFENDANTS:

22. Plaintiff had not engaged in any criminal conduct on April 3, 2014 to justify his arrest on that date.

23. Defendants did not have any probable cause to believe Plaintiff had committed a crime on April 3, 2014 or at any prior date to justify his arrest on that date.

24. Defendants commenced the criminal charge against Plaintiff maliciously.

25. Defendants had no basis to believe that their prosecution against Plaintiff would succeed.

26. The criminal charges were dismissed when Plaintiff appeared on July 7, 2014 and the prosecution had not appeared ready to proceed.

27. The dismissal of the criminal charge against Plaintiff was a favorable termination of the charge that had been commenced by defendants.

28. Defendants' actions were malicious, wanton and willful, and were undertaken in callous disregard as to whether plaintiff's rights would be violated.

29. As a result of the foregoing, Plaintiff was deprived of his liberty for approximately 28 hours, incurred attorneys' fees suffered irreparable damage to his reputation as a result of the malicious prosecution, false imprisonment and false arrest, and suffered mental anguish as a result of the malicious prosecution, false imprisonment and false arrest, and threat to his physical well-being; suffers from anxiety and mental anguish, and fears reprisals from the arresting Police Officer.

30. As a result of the foregoing, Plaintiff has been damaged in the sum of FIVE MILLION and 00/100 ($5,000,000.00) DOLLARS.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS:

31. Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "30" with the same force and effect as if more fully set forth therein.

32. That such actions of defendants constitute violations of 42 U.S.C. §§ 1981, 1983 and 1985, in that the defendants deprived the Plaintiff JONATHAN BRADLEY of his fundamental civil rights secured by the United States Constitution, including the First, Fourth, Eighth and Fourteenth Amendments, and the New York State Constitution.

33. Injunctive and declaratory relief, damages, attorneys fees and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §1981, §1983, §1985 and §1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

34. That the false arrest, false imprisonment and malicious prosecution by defendants constitute violations of 42 U.S.C. §§1981, 1983 and 1985 in that the defendants deprived the Plaintiff of his fundamental civil rights secured by the United States Constitution, including the First, Fourth, Eighth and Fourteenth Amendments; that defendants had no

legal justification for arresting and prosecuting Plaintiff; that the defendants conspired against Plaintiff to hold him criminally responsible for crimes he did not commit; and that the false arrest and malicious prosecution against Plaintiff was violative of the most basic human and civil rights afforded citizens of the State of New York and of the United States.

35.     Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable and flagrant disregard of plaintiff's rights, privileges, welfare and well-being.

36.     As a result of the foregoing, Plaintiff was deprived of his liberty for approximately 28 hours; incurred attorney's fees, and suffered irreparable damage to his reputation as a result of the malicious prosecution, false imprisonment and false arrest, and suffered mental anguish as a result of the malicious prosecution, false imprisonment, and false arrest, suffered threats to his well-being; suffers from anxiety and mental anguish; and fears reprisals from the arresting Police Officers.

37.     That as a result of the aforesaid plaintiff has been damaged in the sum of FIVE MILLION and 00/100 DOLLARS ($5,000,000.00).

                                    AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS (Monell Claim against the Municipal Defendants):

38.     Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "37" with the same force and effect as if more fully set forth herein.

39.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through their police departments, had in effect de facto policies, practices, and customs that were a direct and proximate cause of the unconstitutional conduct of

defendant Police Officer Baury Reyes.

40. These de facto policies, practices and customs include, inter alia: (1) the failure to properly screen, supervise, discipline, transfer, counsel, and/or otherwise control police officers engaged in racial profiling against African-Americans, in particular Plaintiff herein.

41. Upon information and belief, the defendant THE CITY OF NEW YORK failed to effectively screen, hire, supervise and discipline their police officers, including the defendant police officers herein, for racial bias, particularly with respect to the treatment of African-Americans, lack of truthfulness, and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the defendant police officers herein to be in a position to falsely arrest, confine and maliciously prosecute the plaintiff and violate his federal and state constitutional rights, and/or permit these actions to take place with their knowledge or consent.

42. Upon information and belief, the defendant THE CITY OF NEW YORK negligently retained defendant Police Officer Baury Reyes.

43. Upon information and belief, the defendant THE CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its police officers, and failed to create proper means of containing such risk and managing such stress. Inter alia, the structure was deficient, at the time of selection of police officers and thereafter during their employment, in its ability to evaluate and exchange information within the command structure about the performance of individual police officers; in its training of supervisory personnel to effectively and adequately evaluate the performance of an officer; and in its ability to otherwise put the command

structure on notice that an individual or individuals were at significant levels of risk to the public at large or to specific segments thereof.  The effect of this was to permit police officers of the department to function at levels of significant and substantial risk to the public in general and to the African-American community in particular.

44.     As a result of the foregoing conscious policies, practices, customs and/or usages, defendant THE CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as police officers whose individual circumstances place the public or segments thereof at substantial risk of being the victims of racially motivated behavior.  Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff herein.

45.     As a result of the foregoing, Plaintiff was deprived of his liberty for approximately 28 hours, incurred attorney's fees, suffered irreparable damage to his reputation as a result of the malicious prosecution, false imprisonment, and false arrest, and suffered mental anguish as a result of the malicious prosecution, false imprisonment, and false arrest and threat to his physical well-being; suffers from anxiety and mental anguish, and fears reprisals from the arresting Police Officers.

46.     As a result of the foregoing, Plaintiff has been damaged in the sum of FIVE MILLION and 00/100 ($5,000,000.00) DOLLARS.

                        AS AND FOR A FOURTH CAUSE OF ACTION
                        AGAINST DEFENDANTS:

47.     Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "46" with the same force and effect as if more fully set forth therein.

48.     The conduct of defendant Police Officer Baury Reyes occurred while he was on duty and in and during the course and scope of his duties and functions as a New York City Police Officer, and while he was acting as an agent and employee of the defendant THE CITY OF NEW YORK, and as a result the defendant THE CITY OF NEW YORK is liable to the Plaintiff pursuant to the state common law doctrine of respondeat superior.

49.     As a result of the foregoing, Plaintiff was deprived of his liberty for approximately 28 hours, incurred attorney's fees, suffered irreparable damage to his reputation as a result of the malicious prosecution, false imprisonment and false arrest, and suffered mental anguish as a result of the malicious prosecution, false imprisonment and false arrest suffered threats to his physical well-being; suffers from anxiety and mental anguish, and fears reprisals from the arresting Police Officer.

50.     That as a result of the aforesaid plaintiff has been damaged in the sum of FIVE MILLION and 00/100 DOLLARS ($5,000,000.00).

AS AND FOR A FIFTH CAUSE OF ACTION<br>AGAINST DEFENDANTS:

51.     Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "50" with the same force and effect as if more fully set forth herein.

52.     By the actions described above, each and all of the defendants jointly and severally, have committed the following wrongful acts against the plaintiff, which are tortuous under the laws of the State of New York:

    a.     False arrest and imprisonment of the plaintiff;

    b.     negligence in causing emotional injuries to the plaintiff;

    c.     malicious prosecution (set forth in First Cause of Action);

      d.      abuse of power;

      e.      intentional infliction of emotional distress upon plaintiff, in that the defendants intended to and did cause the plaintiff severe emotional distress, and the defendants' acts were outrageous in the extreme and utterly unacceptable in a civilized society;

      f.      negligent hiring, screening, retention, supervision and training of defendant police officers by defendant THE CITY OF NEW YORK;

      g.      conspiracy by the defendants to commit all of the above acts;

      h.      violation of rights otherwise guaranteed to the plaintiff under the laws and Constitution of the State of New York.

53. The foregoing acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed him by the laws and Constitution of the State of New York.

54. As a result of the foregoing, Plaintiff was deprived of his liberty for approximately 28 hours, incurred attorney's fees, suffered irreparable damage to his reputation as a result of the malicious prosecution, false imprisonment and false arrest and suffered mental anguish as a result of the malicious prosecution, false imprisonment, and false arrest, and suffered threats to his physical well-being; suffers from anxiety and mental anguish, and fears reprisals from the arresting Police Officer.

55. As a result of the foregoing, Plaintiff has been damaged in the sum of FIVE MILLION and 00/100 ($5,000,000.00) DOLLARS.

      WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

      (a) declaring that the acts and practices complained of herein are in violation of

42 U.S.C. §§ 1981, 1983 and 1985 and the First, Fourth Eighth and Fourteenth Amendments to the United States Constitution, and the New York State Constitution;

(b) enjoining and permanently restraining these violations of 42 U.S.C. §§1981, 1983, 1985 and the First, Fourth Eighth and Fourteenth Amendments;

(c) directing defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect Plaintiff;

(d) awarding Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by 42 U.S.C. §1988;

(e) directing Defendants to pay Plaintiff JONATHAN BRADLEY compensatory damages and damages for his injuries, psychological trauma, mental anguish and humiliation for the First Cause of Action, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) with interest from April 3, 2014;

(f) directing Defendants to pay Plaintiff JONATHAN BRADLEY compensatory damages and damages for his injuries, psychological trauma, mental anguish and humiliation for the Second Cause of Action in the amount of FIVE MILLION DOLLARS ($5,000,000.00) with interest from April 3, 2014;

(g) directing Defendants to pay Plaintiff JONATHAN BRADLEY compensatory damages and damages for his injuries, psychological trauma, mental anguish and humiliation for the Third Cause of Action in the amount of FIVE MILLION DOLLARS ($5,000,000.00) with interest from April 3, 2014;

(h) directing Defendants to pay Plaintiff JONATHAN BRADLEY compensatory damages and damages for his injuries, psychological trauma, mental anguish and

humiliation for the Fourth Cause of Action in the amount of FIVE MILLION DOLLARS ($5,000,000.00) with interest from April 3, 2014;

  (i)  directing Defendants to pay Plaintiff JONATHAN BRADLEY compensatory damages and damages for his injuries, psychological trauma, mental anguish and humiliation for the Fifth Cause of Action in the amount of FIVE MILLION DOLLARS ($5,000,000.00) with interest from April 3, 2014;

 (j) directing Defendants to pay punitive damages; and

 (k) granting such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
   June 30, 2015

              Yours, etc.

              _____
              TIMOTHY P. DEVANE
              Attorney at Law
              Attorney for Plaintiff
              JONATHAN BRADLEY
              204 West 84th Street
              New York, New York 10024
              (646) 573-4985